**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| ANASTASIA CHIHAI, §<br>*Plaintiff* §<br>§<br>v. §<br>§<br>EQUIFAX INFORMATION §<br>SERVICES, LLC, EXPERIAN §<br>INFORMATION SOLUTIONS, §<br>INC., TRANS UNION LLC, §<br>JPMORGAN CHASE BANK, N.A., §<br>*Defendants* § | No. 1:25-CV-00770-ADA-DH |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D. ALBRIGHT
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendant JPMorgan Chase Bank, N.A.'s ("Chase") unopposed motion to vacate clerk's default, Dkt. 25, and all related briefing. After reviewing the filings and the relevant case law, the undersigned recommends that the District Judge grant Chase's motion.

### I.   BACKGROUND

Plaintiff Anastasia Chihai sues Defendants Chase, Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union LLC for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. Dkt. 1. Chihai served Chase via its registered agent on June 2, 2025. Dkt. 5. According to Chase, due to an "innocent internal miscommunication," Chase did not discover the complaint until August 5, 2025, and accordingly failed to answer the complaint by

1

the June 23, 2025, deadline. Dkt. 25, at 1. Chihai moved for, and the clerk entered, Chase's default. Dkts. 21; 22. Chase now moves to set aside the clerk's entry of default, stating that its default was not willful, setting aside the default would not prejudice Chihai, and Chase has meritorious defenses. Dkt. 25, at 1. Chase also indicates that Chihai is unopposed to setting aside the entry of default as to Chase. Dkts. 25, at 4; 25-1, at 5-6.

## II.     LEGAL STANDARD

Under Rule 55, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); Fed. R. Civ. P. 55. Also pursuant to Rule 55, "a district court 'may set aside an entry of default for good cause.'" *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015) (quoting Fed. R. Civ. P. 55(c)). "The language of this rule is discretionary[.]" *Id.* In exercising its discretion to determine whether good cause has been shown, a district court generally examines three factors: "(1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003); *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985) ("The decision to set aside a default decree lies within the sound discretion of the district court."). As "[t]hese factors are not exclusive," "[o]ther factors may be considered, such as whether the party acted expeditiously to correct the default." *Id.* A district court need not weigh all possible

factors; "the imperative is that [the factors] be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause.'" *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). Indeed, "[a] finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (internal quotations omitted).

### III.  DISCUSSION

Chase moves to set aside the entry of default against it on the grounds that (1) its default was not willful; (2) setting aside the entry of default will not prejudice Chihai; and (3) Chase has meritorious defenses. Dkt. 25, at 1; *see Effjohn*, 346 F.3d at 563. The undersigned agrees.

First, the undersigned finds that Chase's default was not willful. *See Effjohn*, 346 F.3d at 563. In its motion to set aside the entry of default, Chase indicates that its failure to answer the complaint "resulted from an honest mistake due to an internal communication error." Dkt. 25, at 3. "A willful default is an intentional failure to respond to litigation." *Scott v. Carpanzano*, 556 F. App'x 288, 294 (5th Cir. 2014) (internal quotations omitted). Examples of willfulness include refusing to appear and instructing other attorneys not to enter an appearance. *Id.* Defendants made no such conscious choice in this case. Additionally, as Chase points out, it "worked diligently to resolve the issue" as soon as it discovered the error. Dkts. 25, at 4; 25-1, at 2-3. The undersigned therefore finds that Chase's default was not willful.

Next, the undersigned finds that setting aside the entry of default will not prejudice Chihai. *See Effjohn*, 346 F.3d at 563. Chase points out that Chihai does not oppose setting aside the entry of default. Dkt. 25, at 4; 25-1, at 5-6. "[M]ere delay does not alone constitute prejudice." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000). Rather, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* (quoting *Berthelsen v. Kane,* 907 F.2d 617, 621 (6th Cir. 1990)). Chihai makes no argument that setting aside the entry of default would lead to a loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion. *See* Dkt. 25-1, at 5-6. Accordingly, the undersigned finds that setting aside the entry of default will not prejudice Chihai.

Finally, Chase has meritorious defenses. *See Effjohn*, 346 F.3d at 563. In determining whether there is a meritorious defense, "the underlying concern is … whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *In re OCA, Inc.*, 551 F.3d 359, 373 (5th Cir. 2008) (quoting *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008)). A defense is meritorious if "the evidence submitted, if proven at trial, would constitute a complete defense." *Jenkens & Gilchrist*, 542 F.3d at 122 (quoting *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 98 (2d Cir. 1993)). Chase states that it "fully complied with all statutory requirements and diligently investigated any dispute submitted by or on behalf of" Chihai, and that it will "demonstrate that any injury sustained by [Chihai] was not the result of any action or omission by Chase." Dkt. 25,

at 5. The undersigned concludes that this evidence, if proven at trial, would constitute a complete defense. *See Jenkens & Gilchrist*, 542 F.3d at 122. Therefore, the undersigned finds that Chase has meritorious defenses.

Because Chase's failure to answer or respond to Chihai's complaint was not willful, setting aside the entry of default would not prejudice Chihai, and Chase has meritorious defenses, and considering Chihai's lack of opposition, the undersigned will recommend that the District Judge set aside the entry of default as to Chase.

## IV.     RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT** Chase's motion to set aside the entry of default, Dkt. 25.

## V.     WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District

Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED August 20, 2025.

 

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE